Kirkpatrick, C. J.
As to this reason, I at first thought there was nothing of substance in it. When I turn to the act of the Legislature, I find it is in these words, viz:
“That every person of full age, and sound memory, may appear and prosecute or defend any action, in any of the courts of judicature of this State, in person, or by his solicitor in Chancery, or attorney at law.”
But “that no person, except in his or her own case, or is the case of an infant, shall be permitted to appear and prosecute or defend any action in any of the said courts, but such as is a licensed solicitor or attorney at law, who shall be under the direction of the court in which he acts.”
And upon these two sections, no doubt, the objection is founded.
If it rested upon these, I should be much inclined to sustain the objection.
[*] But there is another section in the same act,, in these words, viz: “that nothing in this act, nor any matter or thing therein contained, shall be considered as applicable to, or in any way affect the courts established in this State, for the trial of small causes.” So that the question is altogether clear of Legislative provisions. And this being so, I can see no sound principle which prevents a man from constituting his friend or neighbor to be his attorney, to manage his Cause in these courts, more than to transact any other business.
I am aware that there are mischiefs attending this thing. Idle and litigous men, are but too frequently found hanging about these courts in many places, imposing upon the unwary and taking their money, without the capacity of rendering *419 them any essential service, It is found too, that many of these, as might well be expected, are stirrers up of strife and contention, and by that means disturbers of the peace and tranquility of neighborhoods, and that with no other view than that they may cast in their nets for fish, into the waters which they themselves have troubled. But these are evils which cannot well be remedied, and 1 believe, not at all without Legislative interference.
Besides, in this case, the plaintiff appears in his proper person; he signs his own name to the copy of account filed ; he does all those acts which are, properly speaking, the business of an attorney, when an attorney is employed. Thrall therefore, seems rather to have acted as a counsellor and friend, than as an attorney. So that even if the sections in the practice law were applicable to these courts, I do not see that he is within the words of them. In this second reason therefore, I think there is no soundness. Therefore let the judgment be affirmed,(a) Judgment affirmed.*

 S. P. 1 Green, 350.

 The point is the same as that of M'Whorter and Bloom, and Pierson and Foster.